UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM L. PROVOST, JR., ) | 2003 DEC 12 P 1:04  MAGISTRATE JUDGE _____ |
| ) | |
| Plaintiff, ) | U.S. DISTRICT COURT |
| ) | DISTRICT OF MASS. |
| v. ) | COMPLAINT AND JURY DEMAND |
| ) | |
| MERRIMAC PAPER CO., INC. ) | 03cv12504 RGS |
| LEVERAGED EMPLOYEES' STOCK ) | |
| OWNERSHIP PLAN AND TRUST, AND ) | |
| GERARD J. GRIFFIN, JR., BREWSTER ) | |
| STETSON, JAMES MORIARTY AND ) | |
| JOHN T. LEAHY, as they are or were ) | |
| Administrators and/or Trustees of the ) | AMOUNT $ 150 |
| Merrimac Paper Co., Inc. Leveraged ) | SUMMONS ISSUED ___ |
| Employee Stock Ownership Plan, ) | LOCAL RULE 4.1 ___ |
| ) | WAIVER FORM ___ |
| Defendants. ) | MCF ISSUED ___ |
| | BY DPTY CLK ___ |
| | 12/12/03 |

## INTRODUCTION

1.  This is a case in which Plaintiff seeks to recover vested benefits, accrued through more than thirteen years of hard work, under the Merrimac Paper Company, Inc., Leveraged Employee Stock Ownership Plan And Trust ("ESOP") due to the breach of fiduciary obligations by the defendant Administrators or Trustees. Plaintiff has claims against Merrimac Paper Company, Inc. ("MPC") based on breach of a written Promissory Note and breach of fiduciary duties under ERISA.

## PARTIES

2.  Plaintiff, William L. Provost, Jr. ("Provost"), is an individual who resides at 55 Overlook Drive, Groton, Massachusetts.

3.  Defendant Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan (the "ESOP") is and at all times relevant hereto was intended to qualify as (i)

a stock bonus plan under Section 401(a) of the Internal Revenue Code of 1986, as amended (the "Code"), (ii) an employee pension benefit plan within the meaning of Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and (iii) an employee stock ownership plan within the meaning of Code Section 4975(e)(7) and ERISA Section 407(d)(6).

4. The ESOP was established by MPC effective January 1, 1985.

5. Defendant Gerard J. Griffin, Jr., is an individual who resides at 4 Orchard Crossing, Andover, Massachusetts.

6. Defendant Brewster Stetson is an individual who resides at 23 Garrison Road, Wellesley, Massachusetts.

7. Defendant James Moriarty is an individual who resides at 9 Bean Porridge Hill Road, Westminster, Massachusetts.

8. Defendant John T. Leahy is an individual who resides at Thrasher Hill Road, Worthington, Massachusetts.

9. Merrimac Paper Co., Inc. ("MPC") is a duly organized Delaware corporation with a principal place of business at 9 South Canal Street, Lawrence, Essex County, Massachusetts 01842. MPC is the subject of a pending Chapter 11 proceeding in the United States Bankruptcy Court District of Massachusetts (Western Division), entitled In re: Merrimac Paper Company, Inc. et al., Case Nos. 03-41477 through 03-41479 JBR. MPC is not named as Defendant as it is a subject of a confirmed plan of reorganization in the Chapter 11 proceeding and any claims by Provost against MPC are subject to the terms of the plan of reorganization. References to MPC are proffered for purposes of supporting Provost's claims against other named defendants.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction of this action which arises under the laws of the United States, including under Sections 502(a)(1)(B), 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132(a)(1)(B), 1132(a)(2) and 1132(a)(3) (hereinafter "ERISA").

11. Venue is proper in this Court, as Defendants Griffin, Stetson, Moriarty and Leahy reside in Massachusetts, and Defendant ESOP is administered in Massachusetts, pursuant to 28 U.S.C. §1391(b), and ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## BACKGROUND

12. Provost worked conscientiously for thirteen (13) years as a trusted and valuable employee of MPC.

13. MPC established the ESOP to reward hard-working, loyal employees and ". . . to enable participating Employees to share in growth and prosperity of the Merrimac Paper Company, Inc. ("the Company") and to provide Participants with the opportunity to accumulate capital for their future economic security." See Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan And Trust, p.1, a copy of which is attached hereto as Exhibit A.

14. The ESOP is an employee pension benefit plan within the meaning of Section 3(2) of ERISA.

15. Provost has been and is a vested participant in the ESOP.

16. The ESOP provided to Provost, at various times, Summary Plan Description ("SPD") documents describing the ESOP.

17. Defendants Griffin, Stetson, Moriarty, and Leahy, have served as fiduciaries under the ESOP.

18. MPC has been and is the sponsor of the ESOP.

19. A committee has been appointed pursuant to the terms of the ESOP to administer the ESOP (hereinafter called the "ESOP Committee" or "ESOP Administrator").

20. All ESOP assets have been held in trust by the ESOP trustees designated by MPC's board of directors in accordance with the terms of the ESOP (hereinafter called the "ESOP Trustee").

21. On information and belief, from in or about April 1998 to December 30, 2000, Griffin, Stetson and Moriarty served as the exclusive ESOP Trustees and ESOP Committee.

22. On information and belief, from in or about January 1, 2001 to December 31, 2001, Griffin and Stetson served as the exclusive ESOP Trustees and ESOP Committee members.

23. On information and belief, from in or about January 1, 2002 to August, 2002, Griffin served as the sole ESOP Trustee and ESOP Committee Member.

24. On information and belief, from in or about August, 2002 to the present, Leahy has served as the sole ESOP Trustee and ESOP Committee Member.

25. The ESOP provides, in relevant part, as follows:

    (i) normal retirement age is 65 years;

    (ii) all benefits shall be distributed either in whole common stock of Plan Sponsor ("Shares") or cash or in a combination thereof;

    (iii) all benefits shall be payable in a lump sum;

    (iv) upon termination of employment of a participant for any reason other than death, permanent disability or attaining normal retirement age, the participant's vested account balance shall be payable on the 60th day

following the end of the calendar year in which such employment termination occurs;

      (v)    participants shall have the right to sell (or "put") Shares distributed by ESOP to ESOP or ESOP Sponsor; and

      (vi)    in the event that participants sell Shares to ESOP or ESOP Sponsor, ESOP or ESOP Sponsor will, at their election, pay for the Shares either in a lump sum or in five or less equal annual installments.

26.    Provost separated from employment with the ESOP Sponsor on or about December 31, 1997, prior to attaining age 65 and for reasons other than permanent disability.

27.    As of December 31, 1997, Provost's interest in his individual account balance under ESOP was fully vested.

28.    As of December, 2000, Provost's individual account balance under the ESOP was credited with (i) Five Hundred Eighty-Nine and 981/1000 Shares (589.981), and (ii) Twenty One Thousand One Hundred Thirty-Five Dollars and Thirty-Seven Cents ($21,135.37) in cash.

29.    As of December, 2000, the Shares credited to Provost's individual account balance under the Plan were valued by or on behalf of the ESOP at One Thousand Eight Hundred Thirty ($1,830.00) Dollars per Share.

30.    Provost directed that the cash of $21,135.37, and the fractional Share of 981/1000 be paid out and rolled over into an IRA, which was done so on or about December 31, 2000.

31.    After the payout referenced in the preceding paragraph, as of December 31, 2000, Provost's individual account balance under the ESOP was credited with Five Hundred Eighty-Nine (589.00) Shares.

32. As of December 31, 2000, the value of Shares credited to Provost's individual account under the ESOP was One Million Seventy-Seven Thousand Eight Hundred Seventy Dollars ($1,077,870.00).

33. On or about December 19, 2000, Provost exercised his right under the ESOP to receive the value of the balance of his ESOP account in cash (the "Put Rights"). In accordance with Provost's exercise of his Put Rights, Provost executed and tendered a "Form B – Election To Receive Cash In Lieu Of Stock (the 'Form B') to the Trustee of MPC.

34. Pursuant to a Put Exercise which Provost completed, signed and submitted on or about December 19, 2000, Provost sold to the ESOP the Shares to be transferred to Provost's IRA pursuant to the Rollover Election.

35. The Put Exercise states, in part, as follows: "I understand that under Section 10.01 of [the ESOP], I may receive a distribution from the ESOP in whole [Shares] ... and that under Section 10.04 of the ESOP I have the right (the 'Put') to require the [Defendant ESOP Sponsor] or the ESOP to repurchase those shares. I hereby exercise the Put with respect to 589.981 Shares of the Company's Common Stock distributed to me by the ESOP. I understand that in accordance with Section 10.04(a) of the ESOP, the Company or the ESOP's Trust will, at their election, pay me in a lump sum or in five or less equal installments for those shares at a closing within thirty (30) days of the date of the Company's receipt of this notice."

36. Payment in the amount of $1,077,870.00 for the Shares sold by Provost to the ESOP pursuant to the Put Exercise (the "Put Price") was to be transferred directly into Provost's IRA on a tax-free basis in five equal annual installments, commencing on

December 31, 2001, of equal principal amounts of $215,574.00 (the "Scheduled Installments").

37. Each of the Scheduled Installments was to be accompanied by an additional amount representing interest on the unpaid balance of the Put Price, calculated at an annual rate of 8.5 percent (the "Scheduled Interest Payments"), which amounts were to be transferred directly into Provost's IRA on a tax-free basis. The amounts of the Scheduled Interest Payments are: $91,618.95 for the payment due on December 29, 2001; $73,295.16 for the payment due on December 30, 2002; $54,971.37 for the payment due on December 30, 2003; $36,647.58 for the payment due on December 30, 2004; and $18,323.79 for the payment due on December 30, 2005.

38. The Scheduled Installments and Scheduled Interest Payments are reflected in a promissory note, dated December 29, 2000, and signed by Griffin (the "Note") on behalf of Merrimac Paper Company, Inc. and a payment schedule prepared for Provost on or about November 30, 2000.

39. The Note provides, in part, that if any payment required under the Note is not made when due, then Provost or Provost's IRA may elect to declare the Note due and payable immediately and to recover all costs of collection, including reasonable attorney's fees.

40. The Note does not identify any security interest.

41. The Defendants, ESOP Committee and ESOP Administrator, and each of their individual members knew or should have known that MPC would not be able to make timely all payments due under the Note based on MPC's long-term financial viability.

42. The Defendants, ESOP Committee and ESOP Administrator, and each of their respective members failed to take reasonable steps to ensure that all payments due under the Note would be timely paid.

43. The Defendants, ESOP Committee and ESOP Administrator and each of their respective members failed to act for the exclusive benefit of Provost and/or other ESOP participants by causing the Note to be issued in the form presented to Provost for execution and by seeking to provide the Put in the manner described.

44. None of the Company, the ESOP or the ESOP's Trust made the first payment required under the Note, in the amount of $307,192.95, which was due on December 29, 2001.

45. Provost submitted, through his attorney, a request in writing to Griffin demanding that the first installment required under the Note be paid.

46. None of the Company, the ESOP or the ESOP's Trust made the second payment required under the Note, in the amount of $288,869.16, which was due on December 31, 2002.

47. The Note is supported by adequate consideration, and is otherwise duly enforceable under Massachusetts law.

48. MPC has materially breached is obligations under the Note.

49. As the reasonable, proximate, and foreseeable result of MPC's breach, Provost has suffered damages.

50. Provost is due all principal and interest due under the Note, plus costs of collection including reasonable attorneys' fees.

## COUNT I – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]

51. Plaintiff restates and incorporates by reference all of the allegations in Paragraphs 1-50 above as though fully set forth herein.

52. Having taken all necessary preliminary steps, Provost is legally entitled to recover benefits due to him under the ESOP and to receive payment from the ESOP for the full amount of his damages.

53. Defendants failed to fulfill their obligation to Provost by paying him the amounts due for his shares, despite his entitlement to such amounts under the ESOP and the Note to do so, and having received valid demands by Provost in accordance with the ESOP and the Note.

54. The Note issued to Provost did (and does) not satisfy Defendants' obligation to pay Provost the accrued benefit under the ESOP because *inter alia* (i) the Note failed to give "adequate security" to Provost as required under the ESOP, ERISA and the Code, see, e.g., Exhibit A at §10.04(a); 29 CFR 2550.408b-3(l)(4); and 26 CFR 54.4975-7(b)(12)(iv); (ii) the provision for payment under the Put was not reasonable as required under ERISA and the Code, see, e.g., 29 CFR 2550.408b-3(l)(4); and 26 CFR 54.4975-7(b)(12)(iv); (iii) Defendants knew that they, neither jointly nor severally, could meet the obligations under the Note at the time of issuance; and (iv) a default under the Note has in fact occurred.

55. Provost has exhausted all administrative prerequisites to compel judicially Defendants to pay their full benefit under the ESOP.

56. As a result of Defendants' failure to repurchase Provost's stock under the ESOP, Provost has not received the benefit to which he is and was entitled under the ESOP

(including without limitation Provost's Put right), Provost has suffered monetary damages, and harm to his reasonable retirement plan benefit expectation.

57. The foregoing conduct of Defendants is in violation of ERISA.

COUNT II – Breach of Duties Under ERISA
[29 U.S.C. § 1109 and 1132(a)(2)]

58. Provost restates and incorporates by reference all of the allegations in Paragraphs 1-57 above as though fully set forth herein.

59. Defendants have violated their duties under ERISA, including (without limitation) the duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims, by *inter alia*:

- A) Failing to provide adequate security for the Note, [which has now been breached by MPC].

- B) Preparing and distributing (or causing to be prepared and distributed) materially misleading information concerning the ESOP, including a SPD which failed to mention the requirement that adequate security be provided, per the express terms of the ESOP.

- C) Failing to administer and operate the ESOP in accordance with its terms.

- D) Failing to discharge their duties with respect to the ESOP solely in the interest of the ESOP participants, including Provost.

- E) Failing to discharge their duties with respect to the ESOP for the exclusive purpose of providing benefits to participants, including Provost.

- F) Failing to investigate, obtain advice, monitor investments, and to remedy wrongs.

- G) Failing to obtain and provide Provost with a determination, based on advice of an independent financial advisor, that the Company was capable of timely making all payments due under the Note.

60. Provost has materially relied upon the foregoing misconduct of Defendants – including (without limitation) by relying upon the misleading and incomplete SPD in accepting a deficient Note which failed to provide adequate security in violation of ERISA – to his substantial detriment.

61. As a reasonable and proximate result of the foregoing violation, Provost has been denied the benefit to which he is entitled under the ESOP, in violation of the ESOP and ERISA.

62. MPC and the individual Defendants, Messrs. Griffin, Stetson, Moriarty and Leahy, are personally liable to reimburse Provost's account within the ESOP for loss caused thereto as a result of their fiduciary duty breaches.

63. Defendants are also liable to restore to the ESOP any profits which such fiduciaries have made through use of assets of the ESOP by the fiduciaries, and shall be subject to such other equitable or remedial relief as the Court may deem appropriate.

<u>COUNT III – Breach of Duties Under ERISA</u>
<u>[29 U.S.C. § 1132(a)(3)]</u>

64. Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-63 above as though fully set forth herein.

65. Defendants Griffin, Stetson, Moriarty and Leahy, separately or together, have violated their duties under ERISA, including (without limitation) the duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims, by *inter alia*:

    A)    Violating the terms of the ESOP;

    B)     Failing to discharge their duties with respect to the ESOP for the exclusive purpose of providing benefits to participants, including Provost;

    C)     Failing to discharge their duties with respect to the ESOP solely in the interest of the ESOP participants, including Provost.

66.     As a reasonable and proximate result of the foregoing violations, harm has been done to Provost personally and there has been a loss to the ESOP resulting from its failure to provide a required benefit and thereby discharge a liability, in violation of ERISA.

67.     Provost is entitled to injunctive and equitable relief, including:

    A)     Imposition of a constructive trust in favor of Provost on any money inappropriately obtained by any of the Defendants in, or arising from a, breach of their fiduciary duties;

    B)     Enjoining the Defendants from withholding payment to Provost of all principal and interest payments due under the Note and in accordance with the ESOP.

68.     Provost also is entitled to such further equitable relief as may be available to enforce his rights under the ESOP.

### COUNT IV – Wrongful Refusal To Supply Requested Information
### [29 U.S.C. §1132(c)(1)]

69.     Provost restates and incorporates by reference all of the allegations in Paragraphs 1-68 above as though fully set forth herein.

70.     Defendant Griffin as ESOP Trustee and Committee Member, has failed to respond to any of the requests for ESOP plan documents, including an explanation of the failure of the Defendants to make the payments due Provost for his shares, under the ESOP and the Note.

71. Defendant Griffin as ESOP Trustee and Committee Member failed to meet the requirements of 29 U.S.C. §1132(c)(1)(B) to provide the requested information within thirty days after such requests.

72. Defendant Griffin as ESOP Trustee and Committee Member may in the discretion of the Court be personally liable to Provost in the amount of up to $110 a day from the date of his refusal to provide the requested information.

73. Provost may also receive such other relief as the Court may in its discretion deem proper.

WHEREFORE, Plaintiff Provost respectfully requests this Court to grant Judgment in his favor, as follows:

A. On Count I, against Defendants, awarding Provost all benefits due him under the ESOP and Note.

B. On Count II, against Defendants, who should be ordered to reimburse Provost's account within the ESOP for all damages caused, or to the extent that the ESOP has been terminated, and the underlying Trust has been dissolved, Defendants should be ordered to reimburse the funds to Provost for the benefit of the ESOP account to such custodian as the Court deems appropriate, and further awarding Provost such further equitable relief as may be available and just.

C. On Count III, against Defendants who should be ordered to reimburse Provost's account within the ESOP for all damages caused, and further awarding Provost such further equitable relief as may be available and just, as well as statutory penalties of $110 per day.

- 14 -

D. On Count IV, against Defendant Griffin, awarding all damages which this Court may deem appropriate pursuant to 29 U.S.C. §1132(c)(1) as well as statutory penalties of $110 per day.

E. Awarding him such further and additional relief as may be available in law or equity, and which is just in this case.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

WILLIAM L. PROVOST, JR.

By his attorneys,

*[signature]*

Michael T. Cetrone (BBO #079980)
Robert D. Webb (BBO #555666)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: December 12, 2003