UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 25 P 3: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| William L. Provost, Jr.,<br>      Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. and GERARD J. GRIFFIN, JR., BREWSTER STETSON, JAMES MORIARTY, and JOHN T. LEAHY, as they are or were Administrators and/or Trustees of the Merrimac Paper Co. Inc. Leveraged Employee Stock Ownership Plan,<br>      Defendants. | Civil Action<br>No. 03-CV-12504<br><br>**Consolidated with:**<br>Civil Action Nos. 03-110048-RBC and 03-12351 |

### INDIVIDUAL DEFENDANTS' RESPONSE TO JUDGE STEARNS' APRIL 2, 2004 ORDER AND PLAINTIFF'S STATEMENT PURSUANT TO THE ORDER

Defendants, James Moriarty ("Moriarty"), Gerard Griffin ("Griffin") Brewster Stetson ("Stetson"), and John T. Leahy ("Leahy") (collectively the "Individual Defendants") respond to Judge Stearns' April 2, 2004 Order instructing the parties to raise issues not addressed in *Eggert v. The Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan and Trust*, Civ. A. No. 03-10048-RBC, 2004 WL 719246 (D. Mass.) and respond to Plaintiff Logan's Statement pursuant to the April 2, 2004 Order ("Plaintiff's Statement").

**I. Issues Raised By Motions to Dismiss that Are Not Substantially Addressed in *Eggert***

**A. Count I**

Count I addresses plaintiff's claim of unlawful denial of benefits under 29 U.S.C., § 1132(a)(1)(B). In *Eggert*, the Court dismissed Count I because the defendants had acknowledged that the claim could not be brought against the individual defendants. *Eggert*, 2004 WL 719246, at n.3. *See also* Plaintiffs' Reply to Response of Individual Defendants to

Plaintiffs' Request for Entry of Default Judgment and Assessment of Damages Against the ESOP, the Eggert Case, docket entry #63, at 3-4. Plaintiff here alleges denial of benefits under Count I, setting forth the same allegations raised in the Eggert case and seeking the same relief. *Compare* Eggert Second Amended Complaint, at 8, 12, *with* the Logan Complaint, at 8-9, 12. Plaintiff's contention that he has pleaded something more under Count I than was pleaded by the Eggert plaintiffs under their Count I simply does not withstand scrutiny. Plaintiff's Statement at 2.

Moreover, Count I does not reach the Individual Defendants because, as discussed in their Memorandum Of Law In Support Of Their Motion To Dismiss ("Opening Brief"), at 13-14, Plaintiff elected to receive and, in fact, received full distributions of her ESOP account when his employment ended with Merrimac Paper Company ("MPC") and the complete contents of his account were, upon his instructions, transferred to an IRA. As Trustees and/or Committee members, the duties of the Individual Defendants under the terms of the ESOP only extend to the administration of the ESOP and its assets. Plan, §§ 11.01(a)(i); d (ii); 11.02(b). Their duties did not extend to the disposition of distributions which are assets that, by definition, have left the ESOP and its trust and are no longer subject to ERISA's protections. *E.g.*, *Robbins v. DeBuono*, 218 F.3d 197, 203-204 (2nd Cir. 2000). Plaintiff chose to have his IRA trustee sell all of the shares in the IRA to MPC. The ESOP trustees were neither involved in the sales transaction concerning the shares and the Court already has found that the Note was issued by MPC, the only obligor under the Note. (*Eggert*, 2004 WL 719246).

### B. Count II

Count II should be dismissed because Plaintiff is not entitled to the relief requested. Although the allegations of Count II are substantially the same in both the Eggert complaint and

the Provost Complaint, Provost, unlike the Eggert plaintiffs, entitled his Count II as pursuant to section 1132(a)(2) of ERISA. Plaintiff, however, seeks relief that is not available under § 1132(a)(2), and thus Count II should be dismissed.

Plaintiff alleges that the defendants "are personally liable to reimburse Provost's account within the ESOP for loss caused thereto as a result of their fiduciary duty breaches." To bring a claim under § 1132(a)(2) to enforce § 1109(a), however, Plaintiff must show a loss to the Plan as such a claim only permits recovery by the Plan. *See Drinkwater v. Metropolitan Life Insurance Co.*, 846 F.2d 821, 825 (1st Cir. 1988) (the U.S. Supreme Court decision in *Massachusetts Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) concludes that §§1132(a)(2) and 1109(a) only provide for relief in favor of the plan and not in favor of individual beneficiaries.) Plaintiff fails in this regard because he is ultimately seeking "reimbursement" for alleged loss that he suffered from MPC's default on the promissory note, which is not a loss to the Plan.[1] The default resulted in Plaintiff's loss of money from his IRA trustee's sale to MPC of the MPC shares distributed to her IRA from the ESOP. As noted above, the Court has found that the promissory notes were issued by MPC and not the ESOP. *Eggert*, 2004 WL 719246. Therefore, there is no loss to Plan and Count II should be dismissed.

Further, it is clear that what Plaintiff seeks is the money he allegedly is owed as a result of MPC's default of the promissory note, which, in the end, is nothing more than compensatory damages relating to a breach of a promissory note, a legal remedy. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. at 146 (holding that § 1132(a)(2) provides no express or implied

---

[1] Indeed, Count II and Count III are duplicative because they both seek reimbursement to Plaintiff for her loss based on the breach of fiduciary duties. *Compare* Complaint, at 13, ¶ B, *with* Complaint, at 13, ¶ C. Such claims can only be brought, if at all, under 502(a)(3). For this additional reason, Count II should be dismissed (in the alternative, Count III should be dismissed and Count II should be amended to be brought under § 1132(a)(3)).

3

authority for an award of extra-contractual compensatory or punitive damages). Because Plaintiff, in actuality, seeks individual compensatory relief and not a recovery for the ESOP itself, Plaintiff has failed to state a claim for relief under § 1132(a)(2) of ERISA, and thus Count II should be dismissed.[2]

### C. Count III

In *Eggert*, the Court ruled that Count III, raised under § 1132(a)(3) should be dismissed as duplicative of Count II, also raised under § 1132(a)(3). Thus, the Court never needed to reach the Individual Defendants' additional grounds for dismissal under Rule 12(b)(6) based on the plaintiffs' inappropriate claim for a form of relief that is not permitted under the ERISA statute. Because Plaintiff similarly seeks a remedy not contemplated by the statute and pursuant to Judge Stearns' April 2, 2004 order requiring the parties to raise issues not reached in Eggert, the Individual Defendants now bring this issue to the Court's attention.

Whether the remedies sought by Plaintiff are available remedies under ERISA is an issue of law, and does not present questions of fact. Thus, the issue is appropriately raised and decided on a motion to dismiss. Indeed, Courts routinely have granted motions to dismiss based on a finding that the remedies sought are not available to the plaintiff under § 1132(a)(3) of ERISA. *See Armstrong v. Jefferson Smurfit Corporation*, 30 F.3d 11 (1st Cir. 1994); *Choi v.*

---

[2] Plaintiff also is barred from recovery under his breach of fiduciary duty theory, alleging that Defendants provided Plaintiff with a summary plan description ("SPD") that did not specify the ESOP's adequate security requirement. To recover in suits for benefits based on the violation of technical disclosure requirements, a plaintiff must not only show the violation, but also must show significant reliance or measurable prejudice flowing from the technical violation. *Mauser v. Raytheon Co. Pension Plan for Salaried Employee*, 239 F.2d 51, 56 (1st Cir. 2001); *Bachelder v. Communication Satellite Corp.*, 837 F.2d 519, 523 (1st Cir. 1988); *accord, Watson v. Deaconess Waltham Hospital*, 298 F.3d 102, 113 (1st Cir. 2003). Plaintiff could not have relied on any representation or requirement by the Individual Defendants that adequate security be provided because his professional IRA trustee, not Plaintiff, entered into a promissory note with MPC,; thus, Plaintiff's alleged reliance on the SPD is irrelevant.

*Massachusetts General Physicians Organization, Inc.*, 66 F. Supp. 2d 251 (D. Mass. 1999); *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y 2003).

ERISA's causes of action, as set out at 29 U.S.C. § 1132(a), and the remedies available under those actions are the exclusive actions and remedies available to the Plaintiff. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708, 712 (2001); *Pilot Life Insur. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 1555 (1987). The Supreme Court has ruled that only equitable restitution, and not legal restitution, is available as a remedy under 29 U.S.C. §1132(a)(3). Equitable restitution only can occur where a defendant is holding separate and identifiable property of the claimant. *Great-West Life*, 122 S. Ct. at 714-15. Recoveries under the theory of legal restitution, i.e., the imposition of a personal liability for money, are simply unavailable under ERISA. *Id.* at 717. Nor can the Plaintiff seek to characterize his action as one for an injunction under 29 U.S.C. § 1132(a)(3)(A) to compel payment of money; suits for an injunction to compel the payment of money owed is a legal remedy. *Id.* at 713. Courts in this jurisdiction have held that 29 U.S.C. § 1132(a)(3) does not permit the recovery of money damages. *Barrs v. Lockheed Martin Corp.*, 287 F.3d 202, 206 (1st Cir. 2002); *Sampson v. Rubin*, 2002 U.S. Dist. LEXIS 20877, at *14 (D. Mass. 2002).

In Count III, Plaintiff seeks the imposition of a constructive trust in his favor and an injunction to prevent "Defendants from withholding payment to [Plaintiff] of all principal and interest payments due under the Note and in accordance with the ESOP." Complaint, ¶ 66. Plaintiff is clearly seeking payment of money owed to him under the promissory notes – legal remedies in the form of money damages which are unavailable under 29 U.S.C. § 1132(a)(3). Further, to the extent that he seeks "equitable" relief, equitable restitution is not available here because the Individual Defendants are not holding any separate and identifiable property of the

Plaintiff, nor, under the allegations of the complaint or otherwise, have the Individual Defendants received any gain to the detriment of the ESOP that can form the subject of a constructive trust or is subject to disgorgement.

Respectfully submitted,

GERARD GRIFFIN,
By his attorneys,

/s/ Robert P. Morris

Robert P. Joy (BBO# 254820)
Robert P. Morris (BBO# 546052)
MORGAN, BROWN & JOY
One Boston Place
Boston, MA 02108
(617) 523-6666
Dated: May 25, 2004

JAMES MORIARTY,
By his attorneys,

/s/ Richard W. Paterniti (RPM)

Joan Ackerstein, (BBO# 348220)
Richard W. Paterniti (BBO# 645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025
Dated: May 25, 2004

BREWSTER STETSON and
JOHN T. LEAHY,

By their attorneys,

/s/ Christine M. O'Connor (RPM)

Michael T. Gass (BBO#546874)
Christine M. O'Connor (BBO#647535)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199
(617) 239-0100
Dated: May 25, 2004

**CERTIFICATE OF SERVICE**

I, Robert P. Morris, certify that on May 25, 2004, a copy of the foregoing document was served upon counsel of record to this action, Jeffrey B. Renton and Edward J. Denn, Gilbert & Renton LLC, 23 Main Street, Andover, MA 01810, Matthew A. Caffrey and Thomas P. Smith, Caffrey & Smith, P.C., 300 Essex Street, Lawrence, MA 01840, Michael T. Cetrone and Robert D. Webb, Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604, Michael T. Gass and Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199, and Joan Ackerstein and Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116, by fax and first class mail, postage prepaid.

/s/ Robert P. Morris

Robert P. Morris