UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM L. PROVOST, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERRIMAC PAPER CO., INC. )<br>LEVERAGED EMPLOYEES' STOCK )<br>OWNERSHIP PLAN AND TRUST, )<br>MERRIMAC PAPER CO., INC., AND )<br>GERARD J. GRIFFIN, JR., BREWSTER )<br>STETSON, JAMES MORIARTY AND )<br>JOHN T. LEAHY, as they are or were )<br>Administrators and/or Trustees of the )<br>Merrimac Paper Co., Inc. Leveraged )<br>Employee Stock Ownership Plan, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 03-CV-12504-RGS |

**WILLIAM L. PROVOST, JR.'S MEMORANDUM IN SUR-REPLY TO
INDIVIDUAL DEFENDANTS' AND GERALD J. GRIFFIN'S
REPLY MEMORANDA TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff, William L. Provost, Jr., responds to Defendants' arguments set forth in their Reply Memoranda, as follows:

1. The Individual Defendants' Reliance Upon Magistrate Judge Collings' Dismissal Of Counts I And III In The Eggert Case Is Misplaced.

The Defendants report that by Order, issued on March 31, 2004, Magistrate Judge Collings dismissed counts I and III of the Complaint in the case, Alan R. Eggert and Ralph Harrison v. Merrimac Paper Co., Inc. et al., Civil Action No. 03-CV-10048-RBC, (hereinafter, "Eggert case"). The Individual Defendants contend that such counts "are

- 1 -

virtually identical to Counts I and III asserted in this case," (Reply Memorandum at page 2), and contend that "[i]n light of Magistrate Judge Collings' decision in the Eggert case and in light of the arguments presented in the Defendants' motion to dismiss in this case, this Court should dismiss Counts I and III of Plaintiff's Complaint." (*Id.*)

The Defendants' argument collapses under scrutiny. Magistrate Judge Collings expressly based his dismissal of Count I of the complaint in the Eggert case on the fact that the plaintiffs in that case stated that "*Count I is not* directed to the individual defendants at all (who are instead targeted by *Counts II and III*, ...*.*" Memorandum and Order On Motion of Defendants Brewster Stetson and John T. Leahy To Dismiss Plaintiff's Second Amended Complaint (#35), Motion of Defendant Gerard J. Griffin, Jr. To Dismiss Plaintiff's Second Amended Complaint (#38) and Defendant James Moriarty's Motion To Dismiss Plaintiff's Second Amended Complaint (#39) (hereinafter "Eggert Order") at p. 15, note 3. (emphasis in original). Magistrate Judge Collings therefore determined that the motions to dismiss by the Defendants as to Count I were appropriate. In stark contrast, the Plaintiff here alleges in Count I that the acts and omissions of the Defendants including, without limitation, their failure to ensure that the terms of the ESOP were complied with when the Plaintiff applied for a distribution of benefits, combined to effectively deny the Plaintiff benefits in violation of ERISA and the terms of the ESOP. As such, Count I extends beyond a claim simply against the defendant ESOP and the Eggert Order may not be relied upon to dismiss this Count asserted against the Defendants.

Magistrate Collings dismissed Count III of the Eggert Complaint based on his finding that it was largely duplicative of Count II. (Eggert Order, page 32). Both Counts II and III of

the Eggert Complaint allege violations of Sections 409 and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(3). In contrast, Count II of the Plaintiff's complaint alleges violations of Sections 409 and 502(a)(2) whereas Count III alleges a violation of Section 502(a)(3). In other words, Counts II and III of Plaintiff's complaint allege wholly different causes of action. It would therefore be inappropriate to dismiss either based on the Eggert Order.

    2.    The Defendants' Failure To Enforce The Security Requirements Of The ESOP Requirement Should Cause Their Motion To Dismiss To Be Denied.

In support of their Motion to Dismiss, the Defendants argue in their Reply Memorandum that they were not required to provide adequate security for the Promissory Note issued in connection with the distribution of the Plaintiff's ESOP benefit. In support of this argument, the Defendants seek to draw the nice distinction between a note issued by the ESOP and one allegedly issued by MPC. Assuming *arguendo* that such a distinction can be made in the context of the ESOP distributions in question, it is unavailing to the Defendants.

The simple fact remains that the ESOP required that any note issued in connection with the exercise of a put right afforded by the ESOP be adequately secured and imposed upon the Defendants, jointly and severally, the obligation to ensure that the requirement was met. In this case, it was not. In failing to ensure that this requirement was met, the Defendants have caused Plaintiff material harm, have violated the terms of the ESOP, have caused the Plaintiff to lose the benefit to which Plaintiff was entitled under the ESOP and have violated their obligations under Federal law.

The Defendants concede that the default on the Note resulted in loss of value on the ESOP shares. (Reply Memorandum, at Page 3). Since this loss would not have occurred had

the Note been adequately secured, as required by the terms of the ESOP and applicable law, the Defendants effectively concede that their actions caused the Plaintiff to be deprived of the benefit to which Plaintiff was entitled under the terms of the ESOP.

3. Defendants Motion To Dismiss Is Not Saved By Defendants' Incorrect Mischaracterization Of The Facts And Legal Claims Upon Which Plaintiff's Action Is Grounded.

Defendants' argument that Plaintiff's Count II must fail because there are no available remedies as a matter of law has been addressed in Plaintiff's Opposition to Defendants' Motion To Dismiss. See Opposition, pp. 14-17. Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2) authorizes civil actions by plan participants "for appropriate relieve under Section 409 [of ERISA]." See authorities cited in Opposition, pp. 14-17.

Further, even if the relief sought under Count II of the Complaint is not available under ERISA, which is clearly not the case, pleading of an unavailable remedy or failure to specify a particular kind of equitable relief to which the plaintiff claims entitlement will not result in dismissal. In re: Enron Corporation Securities, 2003 WL 22245394 (S.D. Tex. Sept. 30, 2003), and additional authorities cited in Opposition, pp. 16-17.

4. Defendant Griffin's Motion To Dismiss Count IV Of The Complaint Must Be Denied On The Grounds That Plaintiff Has Alleged Facts Sufficient To State A Cause Of Action Under ERISA Section 502(c)(1).

Defendant Griffin argues that Count IV of the Complaint, which alleges that Griffin failed to supply requested information in violation of Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), should be dismissed because the information requested does not fall within the scope of Section 502(c)(1). This is wrong. Plaintiff alleges, in relevant part, that Defendant Griffin "has failed to respond to any of the requests for ESOP plan documents, including an

explanation of the failure of the Defendants to make the payments due [Plaintiff] for [Plaintiff's] shares under the ESOP and Note." Defendant Griffin does not argue that he provided the requested plan documents. Indeed, no such argument may be made because he failed to provide any information or documents to Plaintiff in response to Plaintiff's request.

Instead, Defendant Griffin argues that the Count should be dismissed because <u>one</u> of the <u>requests</u> for information consisted of a request for an explanation of the failure of the ESOP to make payments under the Note. Such a request, Griffin contends, does not constitute one of the "other instruments under which the plan was established or is administered" within the meaning of Section 104(b) of ERISA. In support of this argument, Defendant Griffin cites to <u>Faircloth v. Lundy Packing Co.</u>, 91 F. 3d 648 (4th Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997), in which the Fourth Circuit held that ESOP participants were not entitled to certain materials associated with the ESOP's existence, such as the favorable determination letter issued by the IRS concerning the ESOP's tax-qualified status.

However, the Court in <u>Faircloth</u> also ruled that the ESOP participants *were* entitled to copies of the ESOP's funding and investment policies. This is so because that Court rightly recognized that the ERISA requires disclosure to participants not merely of certain expressly identified documents, such as the "official" plan document, summary plan description, and trust agreement, but also all "other instruments" under or through which a benefit plan is maintained or administered so as to adequately apprise participants of their rights under the plan and enable the enforcement of those rights. *See also* <u>Bartling v. Fruehauf Corp.</u>, 29 F. 3d 1062, 1070 (6th Cir., 1994) ("All other things being equal, courts should favor disclosure where it would help participants understand their rights"); <u>Mauro v. Federal Express Corp.</u>,

843 F. Supp. 935, 942 (D.N.J. 1994) (holding a participant is entitled to all documents that would help him determine his rights, eligibility or interest in the plan), aff'd, 43 F.3d 1461 (3d Cir. 1994).

Defendant Griffin would have this Court ignore both the language and the intent of ERISA's disclosure requirements. He does so by suggesting that Plaintiff's request for an explanation of the ESOP distribution (i) was the only request made by Plaintiff and (ii) falls outside the scope of this disclosure requirement. The first contention is wrong as a matter of fact, and the second is wrong as a matter of law. Defendant Griffin's attempt to seize upon one request, out of many requests made, and to apply an inappropriately narrow definition of ERISA's disclosure requirements, will simply not allow him to succeed in his attempt to dismiss Count IV in Plaintiff's Complaint.

WILLIAM L. PROVOST, JR.

By his attorneys,

*/s/ Michael T. Cetrone*

Michael T. Cetrone (BBO #079980)
Robert D. Webb (BBO #555666)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: April 28, 2004

## CERTIFICATE OF SERVICE

This is to certify that on April 27, 2004, copies of the foregoing documents were served upon Defendant James Moriarty's attorney, Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116, Defendants Brewster Stetson and John T. Leahy's attorney, Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue, Boston, MA 02199, and Defendant Gerard Griffin's attorney, Robert P. Morris, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108 by first class mail, postage prepaid.

_____
Michael T. Cetrone

# Nutter

Michael T. Cetrone
Direct Line: 617-439-2243
Fax: 617-310-9243
E-mail: mcetrone@nutter.com

April 28, 2004

**BY HAND DELIVERY**
Elaine Flaherty, Docket Clerk to the Honorable Richard G. Stearns
United States District Court
One Courthouse Way
Boston, MA 02110

Re:   Provost v. Merrimac Paper Co., Inc. Leveraged Employees' Stock Ownership Plan & Trust, et al., Civil Action No. 03-12504-RGS

Dear Ms. Flaherty:

Enclosed for filing in the above-referenced action are:

1.   William L. Provost, Jr.'s Motion To Submit Memorandum In Sur-Reply To Individual Defendants' And Gerald J. Griffin's Reply Memoranda;

2.   William L. Provost, Jr.'s Memorandum In Sur-Reply To Individual Defendants' And Gerald J. Griffin's Reply Memoranda To Plaintiff's Opposition To Defendant's Motion To Dismiss; and

3.   Certificate of Service.

Please let me know if you have any questions concerning this filing.

Thank you for your assistance.

Very truly yours,

Michael T. Cetrone

MTC/klm
Enclosures
cc:   Robert P. Morris, Esq.
      Christine O'Connor, Esq.
      Richard W. Paterniti, Esq.

Nutter McClennen & Fish LLP ■ Attorneys at Law

World Trade Center West ■ 155 Seaport Boulevard ■ Boston, MA 02210-2604 ■ 617-439-2000 ■ Fax: 617-310-9000 ■ www.nutter.com