UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM L. PROVOST, JR.<br><br>    Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC.<br>LEVERAGED EMPLOYEES' STOCK<br>OWNERSHIP PLAN AND TRUST,<br>MERRIMAC PAPER CO., INC., AND<br>GERARD J. GRIFFIN, JR., BREWSTER<br>STETSON, JAMES MORIARTY AND<br>JOHN T. LEAHY, as they are or were<br>Administrators and/or Trustees of the<br>Merrimac Paper Co., Inc. Leveraged<br>Employee Stock Ownership Plan,<br><br>    Defendants. | CIVIL ACTION NO. 03-CV-12504-RGS<br>RBC |

## OPPOSITION OF PLAINTIFF WILLIAM L. PROVOST, JR. TO MOTION OF DEFENDANT GERARD J. GRIFFIN, JR. TO DISMISS COUNT IV OF COMPLAINT

Plaintiff, William L. Provost, Jr. (hereinafter "Provost"), hereby submits his Opposition to the Motion of Defendant Gerard J. Griffin, Jr. to Dismiss Count IV of the Complaint.

In Count IV of his Complaint, Plaintiff states a cause of action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B) arising out of Defendant Griffin's alleged failure to provide information. Defendant makes two arguments in support of his Motion, as follows: (1) Plaintiff lacks

- 1 -

standing to bring his claims under ERISA; and (2) Section 1132(c)(1)(B) cannot be used to remedy Defendant's alleged failure to provide information.

I.      Plaintiff has standing to bring his claims under ERISA.

Defendant's argument that Count IV must be dismissed because Plaintiff lacks standing to pursue a claim under Section 1132(c)(1)(B) fails. As set forth in detail in Opposition of Plaintiff William L. Provost to Motion of Defendants Brewster Stetson, James Moriarty, Gerard Griffin and John Leahy to Dismiss Plaintiff's Complaint, at pp. 2-10, Plaintiff has standing to sue under ERISA Section 502(a). By way of summarizing that presentation:

- Even where claimants have accepted lump sum distributions of their vested benefits, such distributions are not dispositive of their status as plan "participants." The question of their standing to pursue an ERISA action still requires a fact-intensive inquiry into the existence of a "colorable claim" to vested benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989). Plaintiff has a "colorable claim" to vested benefits, and is therefore a participant for purposes of asserting his claim under ERISA.

- Given that the very basis of Plaintiff's complaint is that the distribution of his ESOP shares did not represent everything due him under the ESOP, despite his receipt of all of his allocated shares from the ESOP, he retains at least a "colorable" claim to a "benefit" of some type under the plan. Kuper v. Quantum Chemical Corp., 829 F. Supp. 918 (S.D. Ohio 1993).

- Plaintiff is within the zone of interests that ERISA was designed to protect, where Defendant's breach of his fiduciary duty directly and inevitably had an effect on

Plaintiff's benefits. <u>Laurenzano v. Blue Cross & Blue Shield of Mass. Retirement Income Trust</u>, 134 F. Supp. 2d. 189, 193 (D. Mass. 2001).

Accordingly, Defendant's argument that Plaintiff lacks standing fails.

II.   Plaintiff has stated a cause of action under ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B) arising out of Defendant Griffin's alleged failure to provide information.

In <u>Watson v. Deaconess Waltham Hospital</u>, 298 F.3d 102, 110 (1st Cir. 2001), the First Circuit recognized that:

> "ERISA contains specific sections requiring *plan administrators* to provide participants with information, including a summary plan description. 29 U.S.C. § 1021, 1024. Plan participants have a cause of action under 29 U.S.C. § 1132 (a)(1)(A) against plan administrators who fail to comply with a request to provide any such information. Section § 1132(c)(1)(B) specifies the relief available to such plaintiffs, allowing for penalties of $ 100 [sic] per day and 'such other relief as [the court] deems proper.'"

The Court in <u>Watson</u> also recognized that this relief is available if the plan administrator fails to provide the appropriate documentation within thirty days after a participant requests it. Here, Plaintiff has alleged just such a failure.

Contrary to the rule of law recognized by the First Circuit, Defendant Griffin argues that ERISA 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B) can not be used to remedy his failure to provide information that ERISA required him to provide to Plaintiff. In doing so, he advances only one argument, *viz*, that "Plaintiff is likely to assert that Mr. Griffin's alleged failure to respond violated 29 U.S.C. § 1133." Memo, Page 3[1]. Because that section addresses claims

---

[1] 29 U.S.C. § 1133 provides that: "In accordance with regulations of the Secretary [of Labor], every employee benefit plan shall –

(1)   Provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the Plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

procedures that "plans," rather than plan administrators, are required to possess, he argues that a violation of Section 1133 can not give rise to a claim against him, as a plan administrator, under ERISA Section 502(c)(1), 29 U.S.C. § 1132(c)(1).

But, in an admission that proves fatal to his argument, Defendant Griffin concedes that ERISA 502(c)(1), 29 U.S.C. § 1132(c)(1) may be used to provide relief with respect to a plan administrator's failure to provide information which Title I of ERISA does require "plan administrators" to provide to plan participants. Plaintiff has alleged such a failure. By way of illustration, but without limitation, Plaintiff alleges in his Complaint that Defendant Griffin, as ESOP trustee and administrator, failed to respond to any of his requests for ESOP "plan documents," including an explanation of the failure of the Defendants to make the payments due to Plaintiff. Complaint, paragraphs 70-71.

Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), requires that a plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description and latest annual report…trust agreement, contract, or *other instruments under which the plan is established or operated.*" (italics added). Clearly, documents relating to the ESOP's payment of benefits, or failure to do so, constitute instruments under which the ESOP was operated. Additional disclosure is required by plan administrators under Section 105 of ERISA.

In short, Plaintiff here alleges that he requested the ESOP plan administrator to provide information and materials that the administrator was required to furnish under ERISA, and that

---

(2)    Provide a reasonable opportunity to any participant whose claim for benefits has been denied for a review by the appropriate named fiduciary of the decision denying the claim."

the administrator failed to do so. As such, the Plaintiff has clearly stated a claim cognizable under Section 502(c) of ERISA, 29 U.S.C. § 1132(c).

III.   Conclusion

For the foregoing reasons, Plaintiff requests that this Court deny the Motion of Defendant Gerard J. Griffin, Jr. to Dismiss Count IV of the Complaint.

**WILLIAM L. PROVOST, JR.**

By his attorneys,

_____
Michael T. Cetrone (BBO #079980)
Robert D. Webb (BBO #555666)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: March 5, 2004

## CERTIFICATE OF SERVICE

This is to certify that on March 5, 2004, copies of the foregoing documents were served upon Defendant James Moriarty's attorney, Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116, Defendants Brewster Stetson and John T. Leahy's attorney, Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue, Boston, MA 02199, and Defendant Gerard Griffin's attorney, Robert P. Morris, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108 by first class mail, postage prepaid.

_____
Michael T. Cetrone