UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM L. PROVOST, JR.,

      Plaintiff,

v.

MERRIMAC PAPER CO., INC.
LEVERAGED EMPLOYEES' STOCK
OWNERSHIP PLAN AND TRUST, AND
GERARD J. GRIFFIN, JR., BREWSTER
STETSON, JAMES MORIARTY AND
JOHN T. LEAHY, as they are or were
Administrators and/or Trustees of the
Merrimac Paper Co., Inc. Leveraged
Employee Stock Ownership Plan,

      Defendants.

Civil Action No.: 03-CV-12504-RGS
RBC

### INDIVIDUAL DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants, James Moriarty ("Moriarty"), Gerard Griffin ("Griffin") Brewster Stetson ("Stetson"), and John T. Leahy ("Leahy") (collectively "Individual Defendants"), in the above-captioned matter moved to dismiss Plaintiff's Complaint on January 30, 2004. Plaintiff then filed his Opposition to Defendants' Motion to Dismiss on March 5, 2004. The Individual Defendants, having been granted leave, now submit this Reply Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss.

### INTRODUCTION

I. **Summary of Argument And Procedural History**

Merrimac Paper Company ("MPC"), Plaintiff's former employer, maintained the Merrimac Paper Company Leveraged Employee Stock Ownership Plan ("ESOP"). MPC purchased from Fidelity Management Trust Company ("Fidelity"), the trustee of Plaintiff's Individual Retirement Account ("IRA"), shares of MPC stock distributed to the IRA from the

ESOP. To pay for the shares, MPC issued a promissory note to Fidelity providing for installment payments. MPC defaulted on the note and subsequently filed for bankruptcy. In an attempt to receive payment for his IRA on the note, Plaintiff has brought claims under the Employee Retirement Income Security Act ("ERISA") against the Individual Defendants, alleging that the Individual Defendants, former trustees of the ESOP, breached their fiduciary duty to Plaintiff. Like Plaintiff, three other former employees now are pursuing similar claims regarding MPC's default on its promissory notes in the following actions: William L. Provost, Jr. v. Merrimac Paper Co., Inc., et al., Civil Action No. 03-CV-12504-RGS; and Alan R. Eggert and Ralph Harrison v. Merrimac Paper Co., Inc., et al., Civil Action No. 03-CV-10048-MLW.

As this Court is aware, the Individual Defendants moved to dismiss the claims against them in the Eggert case. On March 31, 2004, Magistrate Judge Robert Collings issued his decision on that motion. Specifically, Magistrate Judge Collings dismissed Counts I and III of the Complaint in that case, which are virtually the identical to Counts I and III asserted in this case. Magistrate Judge Collings, however, concluded that, because there was an issue as to whether adequate security was provided to the plaintiffs as part of the promissory note they entered with MPC, Count II of the Complaint would remain. Finally, Magistrate Judge Collings decided to defer consideration of the Individual Defendants argument that the plaintiffs' Complaint should be dismissed because there are no available remedies as a matter of law for their claims.

In light of Magistrate Judge Collings' decision in the Eggert case and in light of the arguments presented in the Individual Defendants' motion to dismiss in this case, this Court should dismiss Counts I and III of Plaintiff's Complaint. In addition, despite Magistrate Judge Collings' decision, Count II of Plaintiff's Complaint should be dismissed because, the First Circuit and other courts have held that the issue of whether the remedies sought are statutorily

2

available is a question of law that is appropriate for determination as part of a motion to dismiss and because Plaintiff has failed to present an available remedy for his claims under Count II. For these reasons, the reasons presented in Magistrate Judge Collings' decision, and those arguments presented in the Individual Defendants' Memorandum of Law in Support of Their Motion to Dismiss as well as for the reasons set forth below, the Individual Defendants' Motion to Dismiss should be granted.

**II.   Plaintiff Does Not Have An Available Remedy Under ERISA For Count II Of His Complaint**

In his Opposition to the Individual Defendants' Motion to Dismiss, Plaintiff attempts to characterize the remedies he seeks in this case as something other than compensatory damages. As explained above, Plaintiff's claim is based on MPC's default under a promissory note between his IRA trustee, Fidelity Investments Company, and MPC. That default resulted in Plaintiff's loss of money from his IRA trustee's sale to MPC of the MPC shares distributed to his IRA from the ESOP. Plaintiff, however, has pursued this claim as a claim for breach of fiduciary duty under ERISA. Regardless of Plaintiff's claims, it is clear that Plaintiff seeks the money he is allegedly owed as a result of the default by MPC on a promissory note, which, in the end, is nothing more than compensatory damages relating to a breach of a promissory note, a legal remedy. Great-West Life & Annuity Insurance Company v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 713 (2001). As fully explained in the Individual Defendant's memorandum in support their motions to dismiss, such a remedy is unavailable under Section 502(a)(3) of ERISA. Id. Additionally, as fully explained in their memorandum in support of their motion to dismiss, Plaintiff does not state a claim under Section 502(a)(2) of ERISA, as he in fact seeks Individual relief and not a recovery for the ESOP itself.

Moreover, the issue of whether Plaintiff seeks available remedies under ERISA for his claims is a matter of law that is appropriate for the Court to decide at a motion to dismiss.

3

Indeed, Courts have routinely granted motions to dismiss based on a finding that remedies are not available to a plaintiff under Section 502(a)(3) of ERISA. See Armstrong v. Jefferson Smurfit Corporation, 30 F.3d 11 (1st Cir. 1994) (granting motion to dismiss because damages sought by disabled retirees were not available under 502(a)(3)); Choi v. Massachusetts General Physicians Organization, Inc., 66 F.Supp.2d 251 (D.Mass. 1999) (granting motion to dismiss on claim for attorney fees under 502(a)(3) because not an appropriate equitable relief under ERISA); Bona v. Barasch, 2003 U.S.Dist.LEXIS 8760 (S.D.N.Y 2003)(dismissing 502(a)(3) claim because damages sought were not appropriate equitable relief under ERISA).

In Armstrong, the plaintiffs, disabled retirees, chose to accept the defendants' offer of either continuing to participate in the existing retiree group medical insurance program at new monthly premium costs or discontinuing participation in the plan for a lump sum payment. See Armstrong, 30 F.3d at 12. The plaintiffs, who accepted the lump sum payment, argued that the defendants, fiduciaries of a retirement plan, breached their fiduciary duty to them by failing to inform them that the lump sum payments were subject to taxation and failed to advise the plaintiffs to seek tax counsel when making their elections. Id. The United States Court of Appeals for the First Circuit, in granting the defendants motion to dismiss the plaintiffs claim under 502(a)(3), held that the compensatory damages that the plaintiffs sought -- reimbursement for the taxes they had to pay -- was not an appropriate equitable relief available under ERISA. Id. at 12-13. Specifically, the Court held that it did not need to answer the other legal questions posed in the motion to dismiss because the relief the plaintiffs sought was unavailable. Id.

In light of the established case law, dismissal of this case as against the Individual Defendants because Plaintiff seeks remedies that are not available under ERISA is appropriate. As such, this Court should dismiss Count II of Plaintiff's complaint.

4

### III. Count II Of Plaintiff's Complaint Should Be Dismissed Because There Was No Reliance By Plaintiff That He Would be Provided With Adequate Security

Plaintiff, in his Complaint and opposition, alleges that the Individual Defendants breached their fiduciary duty by not providing adequate security to him when he entered the promissory note with MPC. For the reasons stated in their Memorandum Of Law In Support Of Their Motion To Dismiss, Defendants were not required to provide such adequate security. Even if they were required to do so, adequate security was indeed provided.

Plaintiff also contends that he is entitled to a recovery under a breach of fiduciary duty theory, because Defendants provided Plaintiff with a summary plan description that did not specify the ESOP's adequate security requirement. To recover in suits for benefits based on the violation of technical disclosure requirements, a plaintiff must not only show the violation, but also must show significant reliance or measurable prejudice flowing from the technical violation. See Mauser v. Raytheon Co. Pension Plan for Salaried Employee, 239 F.3d 51, 56 (1st Cir. 2001); Bachelder v. Communication Satellite Corp., 837 F.2d 519, 523 (1st Cir. 1988); accord, Watson v. Deaconess Waltham Hospital, 298 F.3d 102, 113 (1st Cir. 2003) (standard with respect to technical violation claims similar for claims under 502(a)(1)(B) and 502(a)(3)).

Plaintiff could not have relied on any representation or requirement by the Individual Defendants that adequate security be provided because his professional IRA trustee, Fidelity, not Plaintiff, sold the distributed shares to MPC and entered into the promissory note transaction. As such, because Fidelity, not Plaintiff, entered into a promissory note with MPC, Plaintiff's alleged reliance on the SPD is irrelevant.

IV.  **Conclusion**

For the reasons stated above and for those reasons presented in Magistrate Judge Collings' decision in the Eggert case and the arguments in the Individual Defendants' Memorandum In Support Of Their Motion To Dismiss, Plaintiff's Complaint should be dismissed as against the Individual Defendants.

Respectfully submitted,

| | |
|---|---|
| GERARD GRIFFIN,<br>By his attorneys,<br><br>*Robert P. Morris (RPM)*<br>Robert P. Joy (BBO# 254820)<br>Robert P. Morris (BBO# 546052)<br>MORGAN, BROWN & JOY<br>One Boston Place<br>Boston, MA  02108<br>(617) 523-6666<br>Dated:  April __, 2004 | JAMES MORIARTY,<br>By his attorneys,<br><br>*Richard W. Paterniti*<br>Joan Ackerstein, (BBO# 348220)<br>Richard W. Paterniti (BBO# 645170)<br>JACKSON LEWIS LLP<br>75 Park Plaza<br>Boston, Massachusetts 02116<br>(617) 367-0025<br>Dated:  April __, 2004<br><br>BREWSTER STETSON and<br>JOHN T. LEAHY,<br><br>By their attorneys,<br><br>*Christine M. O'Connor (RWP)*<br>Michael T. Gass (BBO#546874)<br>Christine M. O'Connor (BBO#647535)<br>PALMER & DODGE LLP<br>111 Huntington Avenue at Prudential Center<br>Boston, MA  02199<br>(617) 239-0100<br>Dated:  April __, 2004 |

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail / by hand.

Date: 4/14/04   *Richard W. Paterniti*

6