UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM L. PROVOST, JR.,<br>               Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. and GERARD J. GRIFFIN, JR., BREWSTER STETSON, JAMES MORIARTY, and JOHN T. LEAHY, as they are or were Administrators and/or Trustees of the Merrimac Paper Co. Inc. Leveraged Employee Stock Ownership Plan,<br>               Defendants. | Civil Action<br>No. 03-12504-RBC<br><br>**Consolidated with:**<br>Civil Action Nos. 03-10048-RBC and 03-12351-RBC |

**RESPONSE OF INDIVIDUAL DEFENDANTS TO SUPPLEMENTAL STATEMENT OF WILLIAM L. PROVOST, JR. PURSUANT TO APRIL 2, 2004 ORDER ON DEFENDANTS' MOTION TO CONSOLIDATE AND FOLLOWING HEARING OF MAY 26, 2004**

The "Supplemental Statement Pursuant to April 2, 2004 Order on Defendants' Motion to Consolidate and Following May 26, 2004 Hearing," filed by Plaintiff William Provost ("Plaintiff's Statement") on or about June 15, 2004, does not offer any new or additional arguments in opposition to the Motion to Dismiss of Defendants Gerard J. Griffin, Jr., John T. Leahy, James Moriarty and Brewster Stetson (the "Individual Defendants"). Nothing in Plaintiff's Statement should dissuade this Court from granting the pending Motion to Dismiss.

I. **PLAINTIFF HAS MISCONSTRUED THE ISSUE RAISED BY THE MOTION TO DISMISS COUNT I.**

In contending that the Individual Defendants are proper parties to Count I of the Complaint (alleging an unlawful denial of benefits under 29 U.S.C. §1132(a)(1)(B)), Plaintiff misses the mark. As previously argued (see Memorandum of Law of Defendants in Support of

Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss Memo"), at 9, 13; Individual Defendants' Response to Judge Stearns' April 2, 2004 Order and Plaintiff's Statement Pursuant to the Order ("Def. Response") at 2), Plaintiff elected to receive and did receive full distributions of his ESOP account when his employment with Merrimac Paper Company ("MPC") ended. To the extent that the Individual Defendants served as Trustees and/or Committee members, they were responsible only for the administration of the ESOP and its assets, and not for distributions from the ESOP which, by definition, have left the ESOP and are no longer subject to ERISA's protections. E.g., Robbins v. DeBuono, 218 F.3d 197, 203-204 (2nd Cir. 2000).

Moreover, the essence of Plaintiff's claim is that MPC defaulted on a promissory note, and not for breach of the ESOP. To the extent that this claim is brought to enforce an alleged right to adequate security, the only party against whom that right can be enforced is MPC. Because MPC, and not the Individual Defendants, could provide such security for Plaintiff, this claim as against the Individual Defendants does not come within §1132(a)(1)(B).

## II. COUNTS II AND III ARE DUPLICATIVE, AND ARE SUBJECT TO DISMISSAL.

For the reasons discussed below, Plaintiff's contention that Counts II and III are not duplicative should be rejected. Even if the claims are not considered duplicative, both counts fail to state actionable claims, and should be dismissed.

Resolution of whether Counts II and III are duplicative depends upon the substance of the allegations, and not the headings put on the respective counts. See Clark v. Commercial State Bank, 2001 WL 685529 (W.D. Tex. 2001) ("Though Plaintiff pleads his First and Second Cause of Action as separate claims, these claims are actually one and the same. The First Cause of Action is given the heading of declaratory relief and injunction. Plaintiff, however, does not actually request declaratory relief or an injunction. Rather, the relief sought is the same relief

2

sought in the Second Cause of Action: money damages. Accordingly, the Court will treat both Causes of Action simultaneously.").

Counts II and III both seek reimbursement to Plaintiff for loss based on the breach of fiduciary duties. (Compare, Complaint, at 13, ¶B with Complaint at 13, ¶C). Such claims can only be brought, if at all, under Section 1132(a)(3).

While Count III, styled as a claim under 29 U.S.C. §1132(a)(3), purports to seek the imposition of a constructive trust in his favor and an injunction preventing "Defendants from withholding payment...of all principal and interest payments due under the Note and in accordance with the ESOP" (Complaint, ¶66), such remedies are nothing more than payment of money owed under the promissory notes -- the same remedy sought under Count II. (See Def. Response at 5-6). In other words, the two causes of action "are actually one and the same", see Clark v. Commercial Bank, supra, and should be treated as such.

Moreover, neither count states an actionable claim. In addressing Count II, purported to be brought under 29 U.S.C. §1132(a)(2), Plaintiff identifies (at 3) the potential remedies available under this provision, but overlooks that in order to state an actionable claim, he must show a loss to the Plan. (See Motion to Dismiss Memo at 18; Def. Response at 3). Plaintiff cannot show such a loss because he is seeking "reimbursement" for alleged losses that he suffered from MPC's default on the promissory note. However, this is not a loss to the Plan.

Further, the money allegedly owed Plaintiff due to MPC's default on the promissory note is a legal remedy. This is nothing more than compensatory damages relating to the breach of a promissory note. Such damages are not recoverable. See Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 146 (1985) (§1132(a)(2) provides no express or implied authority for extra-contractual compensatory or punitive damages). (See Def. Response at 3).

3

As for Count III, styled as a claim under 29 U.S.C. §1132(a)(3), to the extent Plaintiff seeks "equitable" relief, equitable restitution is unavailable here because the Individual Defendants do not hold any separate and identifiable property of the Plaintiff, nor, under the allegations of the complaint or otherwise, have the Individual Defendants received any gain to the detriment of the ESOP. (See Def. Response at 5-6).

## III.  **CONCLUSION**

For all the above reasons, and the reasons set forth in the pleadings already on file, the Motion to Dismiss of the Individual Defendants should be granted, and the Complaint dismissed, with prejudice.

Respectfully submitted,

| | |
|---|---|
| GERARD GRIFFIN,<br>By his attorneys,<br><br>_/s/ [signature]_<br>Robert P. Joy (BBO# 254820)<br>Robert P. Morris (BBO# 546052)<br>MORGAN, BROWN & JOY<br>One Boston Place<br>Boston, MA 02108<br>(617) 523-6666<br>Dated: July 9, 2004 | JAMES MORIARTY,<br>By his attorneys,<br><br>s/ Richard W. Paterniti (RPM)<br>Joan Ackerstein, (BBO# 348220)<br>Richard W. Paterniti (BBO# 645170)<br>JACKSON LEWIS LLP<br>75 Park Plaza<br>Boston, Massachusetts 02116<br>(617) 367-0025<br>Dated: July 9, 2004<br><br>BREWSTER STETSON and<br>JOHN T. LEAHY,<br><br>By their attorneys,<br><br>s/ Christine M. O'Connor (RPM)<br>Michael T. Gass (BBO#546874)<br>Christine M. O'Connor (BBO#647535)<br>PALMER & DODGE LLP<br>111 Huntington Avenue at Prudential Center<br>Boston, MA 02199<br>(617) 239-0100<br>Dated: July 9, 2004 |

### CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on July 9, 2004, a copy of the foregoing document was served by first class mail upon counsel of record to this action, Jeffrey B. Renton and Edward J. Denton, Gilbert & Renton LLC, 23 Main Street, Andover, MA 01810; Matthew A. Caffrey and Thomas P. Smith, Caffrey & Smith P.C., 300 Essex Street, Lawrence, MA 01840; Michael T. Cetrone and Robert D. Webb, Nutter, McClennen & Fish LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604; Michael T. Gass and Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199; Joan Ackerstein and Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

_/s/ [signature]_
Robert P. Morris