**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Provost, Jr.,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, et al.,<br>　　　　　　　Defendants. | Civil No. 03-12504-RBC |
| Mary Logan,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, et al.,<br>　　　　　　　Defendants. | Pretrial coordinated with<br><br>Civil No. 03-12351-RBC |
| ALAN R. EGGERT and RALPH HARRISON,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST (the "ESOP"), MERRIMAC PAPER CO., INC., in its corporate capacity and as Sponsor of the ESOP, and GERALD J. GRIFFIN, JR., BREWSTER STETSON, JAMES MORIARTY, and JOHN T. LEAHY, as they are or were Administrators and/or Trustees of the ESOP,<br>　　　　　　　Defendants. | and<br><br>Civil No.　03-10048-RBC |

**DEFENDANT JOHN T. LEAHY'S
ANSWER TO THE COMPLAINT OF PLAINTIFF WILLIAM PROVOST JR.**

Defendant John T. Leahy ("Leahy") answers the correspondingly numbered paragraphs of plaintiff William Provost Jr.'s ("Provost") Complaint as follows:

1. This paragraph purports to be part of an "Introduction" to the Complaint, broadly summarizing plaintiff's position in this matter. This paragraph does not comply with the requirements of Rule 8(e)(1) and accordingly no response is required. To the extent a response may be required, Leahy admits that the plaintiff was an employee of Defendant Merrimac Paper Co., Inc. ("MPC") and that the plaintiff had been a participant in the Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan and Trust (the "ESOP") and denies the remaining allegations of the first sentence of paragraph 1. To the extent the second sentence of paragraph 1 makes allegations directed at and regarding a non-party, no response is required from Leahy. To the extent the second sentence of this paragraph is directed to Leahy, he states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Leahy admits that Provost is an individual and states he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Leahy denies the allegations in Paragraph 3 to the extent the allegations purport to describe the current status of the ESOP, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Leahy further answers that the allegations contain legal conclusions, as to which no responsive pleading is necessary.

4. Leahy admits the allegations of paragraph 4.

5. Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.  Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.  Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.  Leahy denies the allegations of paragraph 8. Leahy further states that he resides in Russell, Massachusetts and his current mailing address is P. O. Box 432, Russell, Massachusetts, 01071.

9.  Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 9, except that he believes that MPC has a place of business at the address alleged. Leahy admits the allegations in the second sentence of this paragraph. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of this paragraph, except that he admits that MPC is subject to a confirmed plan of reorganization. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence of this paragraph.

10. Paragraph 10 of the Complaint contains legal conclusions as to which no responsive pleading is necessary. To the extent a response is required, Leahy denies the allegations of this paragraph.

11. Paragraph 11 of the Complaint contains legal conclusions as to which no responsive pleading is necessary. To the extent a response is required, Leahy denies the allegations of this paragraph.

12. Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. To the extent paragraph 13 makes allegations directed at and regarding a non-party, no response is required from Leahy. To the extent a response is required, Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 10. Leahy denies that the document attached as Exhibit A to the Complaint represents the version of the Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan and Trust (the "ESOP") plan document in effect at the relevant time periods and further answers that the operative ESOP plan documents speak for themselves.

14. Paragraph 14 of the Complaint sets forth a legal conclusion as to which no response is necessary. To the extent a response is required, Leahy admits the allegations in this paragraph.

15. Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegation that Provost has been a vested participant in the ESOP. Leahy denies the remaining allegations of paragraph 15.

16. Leahy is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 16.

17. To the extent paragraph 17 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 17 is directed to Leahy, he admits that he has served as fiduciary under the ESOP but denies the implication that he served as a fiduciary at any relevant time.

18. To the extent paragraph 18 makes allegations directed at and regarding a non-party, no response is required from Leahy. To the extent a response is required, Leahy admits that MPC has been the sponsor of the ESOP. Leahy denies that MPC is currently the sponsor of the ESOP.

19.     Leahy admits that from the time he first became an ESOP trustee through the termination of the ESOP, the ESOP committee administered the ESOP.  Leahy denies that the ESOP committee currently administers the ESOP.  Further answering, Leahy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20.     Leahy admits that during the time period in which he served as an ESOP trustee, ESOP assets were held in trust and at the time he was appointed to serve as an ESOP trustee, MPC's board of directors designated ESOP trustees.  Leahy denies that ESOP assets currently are held in trust.  Further answering, Leahy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21.     To the extent paragraph 21 makes allegations directed to other defendants, no response is required from Leahy.  To the extent an answer is required, Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

22.     To the extent paragraph 22 makes allegations directed to other defendants, no response is required from Leahy.  To the extent an answer is required, Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

23.     To the extent paragraph 23 makes allegations directed to other defendants, no response is required from Leahy.  To the extent an answer is required, Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

24. Leahy admits that he served as the sole ESOP trustee and ESOP committee member from mid-September 2002 until the termination of the ESOP. Further answering, Leahy denies the remaining allegations of paragraph 24.

25. Leahy admits the allegations of paragraph 25 to the extent consistent with the operative ESOP plan documents, and denies the allegations to the extent inconsistent with the operative ESOP plan documents.

26. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33. Leahy further answers that the document

referred to by the plaintiff as the "Form B" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

34.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34. Leahy further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

35.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35. Leahy further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

36.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36. Leahy further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

37.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37. To the extent the use of the term "Scheduled Installments," as defined in paragraph 36 of the Complaint, suggests the allegations in this paragraph reflect or rely upon the document referred to by Logan as the "Put Exercise," Leahy further answers that the document has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

38.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38. Leahy further answers that the document

referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

39.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.  Leahy further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

40.     Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.  Leahy further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

41.     To the extent paragraph 41 makes allegations directed to other defendants, no response is required from Leahy.  To the extent paragraph 41 is directed to Leahy, he denies the allegations of this paragraph.

42.     To the extent paragraph 42 makes allegations directed to other defendants, no response is required from Leahy.  To the extent paragraph 42 is directed to Leahy, he denies the implicit allegation that he had obligation under the document referred to by the plaintiff as the "Note" and denies the remaining allegations of this paragraph.

43.     To the extent paragraph 43 makes allegations directed to other defendants, no response is required from Leahy.  To the extent paragraph 43 is directed to Leahy, he denies the implicit allegation that he cause the document referred to by the plaintiff as the "Note" to be issued and denies the remaining allegations of this paragraph.

44.     To the extent paragraph 44 makes allegations directed to other defendants, no response is required from Leahy.  To the extent paragraph 44 is directed to Leahy, he denies the

implicit allegation that he had obligation under the document referred to by the plaintiff as the "Note." Leahy further answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, except that he believes that no payments were made to plaintiff after distribution of his ESOP benefits.

45.   To the extent paragraph 45 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 45 is directed to Leahy, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

46.   To the extent paragraph 46 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 46 is directed to Leahy, he denies the implicit allegation that he had obligation under the document referred to by the plaintiff as the "Note." Leahy further answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, except that he believes that no payments were made to plaintiff after distribution of her ESOP benefits.

47.   Leahy answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47. Leahy further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

48.   To the extent paragraph 48 makes allegations directed at and regarding a non-party, no response is required from Leahy. To the extent paragraph 48 is directed to Leahy, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48. Leahy further answers that the document referred to by the

plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

49.     To the extent paragraph 49 makes allegations directed at and regarding a non-party, no response is required from Leahy. To the extent paragraph 49 is directed to Leahy, he denies the allegations of this paragraph.

50.     To the extent paragraph 50 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 50 is directed to Leahy, he denies the allegations of this paragraph. Leahy further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

### COUNT I – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]

51.     Leahy repeats and realleges his responses to paragraphs 1 through 51 as if fully set forth herein.

52.     To the extent paragraph 52 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 52 is directed to Leahy, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has "taken all necessary preliminary steps" and states that the remaining allegations of this paragraph contain legal conclusions, to which no response is necessary.

53.     To the extent paragraph 53 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 53 is directed to Leahy, he denies the allegations of this paragraph.

54.     To the extent paragraph 54 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 54 is directed to Leahy, answers that

the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. Leahy further answers, with respect to clauses (i), (ii) and (iv), the allegations contain legal conclusions, to which no response is necessary and with respect to clause (iii), he denies the implicit allegation that he had obligation under the document referred to by the plaintiff as the "Note" and denies the remaining allegations.

55. Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Logan has exhausted all administrative prerequisites" and denies the remaining allegations of paragraph 55.

56. To the extent paragraph 56 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 56 is directed to Leahy, he denies the allegations of this paragraph.

57. To the extent paragraph 57 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 57 is directed to Leahy, he denies the allegations of this paragraph.

### COUNT II – Breach of Duties Under ERISA
### [29 U.S.C. § 1109, 1132(a)(2), 1132(a)(3)]

58. Leahy repeats and realleges his responses to paragraphs 1 through 57 as if fully set forth herein.

59. To the extent paragraph 59 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 59 is directed to Leahy, he denies the allegations of this paragraph.

60. To the extent paragraph 60 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 60 is directed to Leahy, he denies the

allegation of misconduct and that the Summary Plan Descriptions were misleading and incomplete. Leahy further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. Leahy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60.

61.     To the extent paragraph 61 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 61 is directed to Leahy, he denies that plaintiff has been denied his ESOP benefits and that the remaining allegations contain legal conclusions, to which no response is necessary.

62.     To the extent paragraph 62 makes allegations directed to other defendants or directed at and regarding a non-party, no response is required from Leahy. To the extent paragraph 62 is directed to Leahy, he denies the allegations of this paragraph.

63.     To the extent paragraph 63 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 63 is directed to Leahy, he denies the allegations of this paragraph.

### COUNT III – Breach of Duties Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(3)]

64.     Leahy repeats and realleges his responses to paragraphs 1 through 63 as if fully set forth herein.

65.     To the extent paragraph 65 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 65 is directed to Leahy, he denies the allegations of this paragraph.

66. To the extent paragraph 66 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 66 is directed to Leahy, he denies the allegations of this paragraph.

67. To the extent paragraph 67 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 67 is directed to Leahy, he denies the implicit allegation that he had obligation under the document referred to by the plaintiff as the "Note" and denies the remaining allegations of this paragraph.

68. To the extent paragraph 68 makes allegations directed to other defendants, no response is required from Leahy. To the extent paragraph 68 is directed to Leahy, he denies the allegations of this paragraph.

### COUNT IV – Wrongful Refusal to Supply Requested Information
### [29 U.S.C. § 1132(c)(1)]

69-73. No response is required to the allegations of Count IV, having been dismissed by Court order dated October 5, 2004.

Leahy further answers that any allegations in the Complaint requiring a response from Leahy not specifically admitted are denied.

Leahy denies that plaintiff is entitled to any of the relief he has requested.

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims under ERISA, 29 U.S.C. § 1001 et seq.

#### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every alleged claim contained in it, fails to state facts sufficient to constitute a claim against Leahy upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Without conceding plaintiff has suffered any damages as a result of any purportedly wrongful act of Stetson or other defendants, plaintiffs have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Leahy acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Leahy did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a result of plaintiff's own actions or inactions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of some or any alleged damages based on the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by plaintiff was caused in whole or in part by the acts or omissions of other persons or entities for whose actions or conduct Leahy has no responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the doctrine of laches because plaintiff inexcusably and unreasonably delayed in commencing the action, to Leahy's prejudice.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted because Leahy owed no legal duty pertaining to the injuries claimed by plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of ratification or acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages attributable to any actions of Leahy.

### TWELFTH AFFIRMATIVE DEFENSE

There is accord and satisfaction between plaintiff and the ESOP for any amounts which plaintiff was entitled therefrom.

### THIRTEENTH AFFIRMATIVE DEFENSE

Leahy intends to rely upon such other affirmative defenses as may become available or apparent during discovery, and reserve the right to amend his answer to assert any such defenses.

### IMPROPER JURY DEMAND

Plaintiff is not entitled to a jury trial with respect to any of the remaining claims against Leahy, and thus their request for a jury trial should be stricken.

WHEREFORE, Leahy respectfully request that this Court:

1) Dismiss plaintiff's Complaint and each cause of action thereof with prejudice;

2) Award Leahy his costs incurred herein, including attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

3)   Award Leahy such other and further relief as the Court may deem just and proper.

                               JOHN T. LEAHY,
by his attorneys,

     /s/ Christine O'Connor
coconnor@palmerdodge.com

Michael T. Gass (BBO #546874)
Christine O'Connor (BBO # 647535)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199
October 29, 2004        (617) 239-0100

**CERTIFICATE OF SERVICE**

    I, Christine O'Connor, certify that on October 29, 2004, a copy of the foregoing document was served by hand delivery upon Michael T. Cetrone, Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604.

                               /s/ Christine O'Connor