UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

WILLIAM L. PROVOST, JR.,

                       Plaintiff,

v.

MERRIMAC PAPER CO., INC.
LEVERAGED EMPLOYEES' STOCK
OWNERSHIP PLAN AND TRUST, AND
GERARD J. GRIFFIN, JR., BREWSTER
STETSON, JAMES MORIARTY AND
JOHN T. LEAHY, as they are or were
Administrators and/or Trustees of the
Merrimac Paper Co., Inc. Leveraged
Employee Stock Ownership Plan,

                       Defendants.

Civil Action No.:  03-CV-12504-RBC

---

**DEFENDANT JAMES MORIARTY'S
ANSWER TO THE COMPLAINT OF PLAINTIFF WILLIAM L. PROVOST**

Defendant James Moriarty ("Moriarty") answers the correspondingly numbered paragraphs of Plaintiff William L. Provost ("Logan") Complaint as follows:

1.      Moriarty makes no response to paragraph 1 as it merely purports to summarize Plaintiffs' claims.  To the extent this paragraph requires a response, Moriarty denies the allegations therein.

2.      Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. This paragraph states legal conclusions to which no response is required. To the extent this paragraph requires a response, Defendant denies the allegations therein. In further responding, Moriarty states that the operative ESOP plan documents speak for themselves.

4. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. In further responding, Moriarty states that the operative ESOP plan documents speak for themselves.

5. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Moriarty admits the allegations in paragraph 7.

8. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences in paragraph 9. Moriarty makes no response to the third and fourth sentences in this paragraph as they merely purport to summarize Plaintiff's complaint. To the extent that these sentences require a response, Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in these sentences.

10. This paragraph states legal conclusions to which no response is required. To the extent this paragraph requires a response, Defendant Moriarty denies the allegations therein.

11. This paragraph states legal conclusions to which no response is required. To the extent this paragraph requires a response, Defendant Moriarty denies the allegations therein.

12. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except Moriarty admits so much of the paragraph as alleges that Plaintiff was an employee of MPC at some time.

13. To the extent paragraph 13 makes allegations directed at and regarding a non-party, no response is required from Moriarty. To the extent a response is required, Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in paragraph 13. Moriarty denies that the document attached as Exhibit A to the Complaint represents the version of the Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan and Trust (the "ESOP") plan document in effect at the relevant time periods and further answers that the operative ESOP plan documents speak for themselves.

14. This paragraph states a conclusion of law to which no response is required. To the extent this paragraph requires a response, Defendant Moriarty admits the allegations therein.

15. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Moriarty denies the allegations in this paragraph as they pertain to him except admits that he previously served as a trustee of the ESOP. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other individuals.

18. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except denies the allegations in this paragraph as they relate to him.

22. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Moriarty admits to the allegations in paragraph 25 to the extent consistent with the operative ESOP plan documents, and denies the allegations to the extent inconsistent with the operative ESOP plan documents.

26. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Moriarty further answers that the document referred to

by the plaintiff as the "Form B – Election to Receive Cash In Lieu Of Stock" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

34. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Moriarty further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

35. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Moriarty further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

36. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Moriarty further answers that the document referred to by the plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

37. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

39. To the extent paragraph 39 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 39 is directed to Moriarty, he denies the allegations of this paragraph. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

40. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

41. To the extent paragraph 41 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 41 is directed to Moriarty, he denies the allegations in this paragraph.

42. To the extent paragraph 42 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 42 is directed to Moriarty, he denies the allegations in paragraph 42.

43. To the extent paragraph 43 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 43 is directed to Moriarty, he denies the allegations in this paragraph.

44. To the extent paragraph 44 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 44 is directed to Moriarty, he denies

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. To the extent paragraph 46 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 46 is directed to Moriarty, he denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

47. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

48. To the extent paragraph 48 makes allegations directed at and regarding a non-party, no response is required from Moriarty. To the extent paragraph 48 is directed to Moriarty, he denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

49.     To the extent paragraph 49 makes allegations directed at and regarding a non-party, no response is required from Moriarty.  To the extent paragraph 48 is directed to Moriarty, he denies the allegations in this paragraph.

50.     Moriarty denies the allegations in this paragraph.  Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

## COUNT I – Unlawful Denial of Benefits Under ERISA
## [29 U.S.C. § 1132(a)(1)(B)]

51.     Moriarty repeats and realleges his responses to paragraphs 1 through 50 as if fully set forth herein.

52.     To the extent paragraph 52 makes allegations directed to other defendants, no response is required from Moriarty.  To the extent paragraph 52 is directed to Moriarty, he denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has "taken all necessary preliminary steps" and states that the remaining allegations of this paragraph contain legal conclusions, to which no response is necessary.  To the extent that a response is necessary, Moriarty denies the allegations in this paragraph.

53.     To the extent paragraph 53 makes allegations directed to other defendants, no response is required from Moriarty.  To the extent paragraph 53 is directed to Moriarty, he denies the allegations of this paragraph.  Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

54. To the extent paragraph 54 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 53 is directed to Moriarty, he denies the allegations in this paragraph. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

55. Moriarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. To the extent paragraph 56 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 56 is directed to Moriarty, he denies the allegations of this paragraph.

57. To the extent paragraph 57 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 57 is directed to Moriarty, he denies the allegations of this paragraph.

## COUNT II – Breach of Duties Under ERISA
## [29 U.S.C. § 1109, 1132(a)(2), 1132(a)(3)]

58. Moriarty repeats and realleges his responses to paragraphs 1 through 57 as if fully set forth herein.

59. To the extent paragraph 59 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 59 is directed to Moriarty, he denies the allegations in this paragraph.

60. To the extent paragraph 60 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 60 is directed to Moriarty, he denies the allegations in this paragraph. Moriarty further answers that the document referred to by the plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

61. To the extent paragraph 61 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 61 is directed to Moriarty, he denies the allegations in this paragraph.

62. To the extent paragraph 62 makes allegations directed to other defendants or directed at and regarding a non-party, no response is required from Moriarty. To the extent paragraph 62 is directed to Moriarty, he denies the allegations in this paragraph.

63. To the extent paragraph 63 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 63 is directed to Moriarty, he denies the allegations in this paragraph.

### COUNT III – Breach of Duties Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(3)]

64. Moriarty repeats and realleges his responses to paragraphs 1 through 63 as if fully set forth herein.

65. To the extent paragraph 65 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 65 is directed to Moriarty, he denies the allegations of this paragraph.

66. To the extent paragraph 66 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 66 is directed to Moriarty, he denies the allegations in this paragraph.

67. To the extent paragraph 67 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 67 is directed to Moriarty, he denies the allegations in this paragraph.

68. To the extent paragraph 68 makes allegations directed to other defendants, no response is required from Moriarty. To the extent paragraph 68 is directed to Moriarty, he denies the allegations in this paragraph.

### COUNT IV – Wrongful Refusal to Supply Requested Information
### [29 U.S.C. § 1132(c)(1)]

69-73. No response is required to the allegations of Count IV, having been dismissed by Court order dated October 5, 2004.

Moriarty further answers that any allegations in the Complaint requiring a response from Moriarty not specifically admitted are denied.

Moriarty denies that plaintiff is entitled to any of the relief she has requested.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as alleged in the Complaint, he is barred from recovery, in whole or in part, due to a failure to mitigate those damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because of the lack of a legal duty owed by Defendant to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

There is an accord and satisfaction between Plaintiff and the ESOP for any amounts which Plaintiff was entitled therefrom.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Defendant Moriarty and over whom Defendant had no authority or control and for whom Defendant is not liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims they have alleged.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Defendant Moriarty acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Defendant did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves his right to add such additional affirmative defenses as become evident as the case progresses.

### IMPROPER JURY DEMAND

Plaintiff is not entitled to a jury trial with respect to any of the remaining claims against Moriarty, and thus their request for a jury trial should be stricken.

WHEREFORE, Moriarty respectfully request that this Court:

1) Dismiss Plaintiff's Complaint and each cause of action thereof with prejudice;

2) Award judgment on Moriarty's behalf;

3) Award Moriarty his costs incurred herein, including attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

4) Award Moriarty such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

          JAMES MORIARTY
          By his attorneys,


          /s/ Richard W. Paterniti
          Joan Ackerstein, (BBO# 348220)
          Richard W. Paterniti (BBO# 645170)
          JACKSON LEWIS LLP
          75 Park Plaza
          Boston, Massachusetts  02108
          (617)367-0025

Dated:  October 29, 2004

## **CERTIFICATE OF SERVICE**

     This is to certify that on October 29, 2004, a copy of the foregoing document was served upon Plaintiff's Attorney, Michael Cetrone, Nutter McClennen & Fish, LLP, 155 Seaport Boulevard, Boston, MA 02210 by hand; and Robert Morris, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108; and Christine M. O'Connor, Palmer and Dodge, LLP, 111 Huntington Avenue, Boston, MA 02108, Jeffrey B. Renton, Gilbert & Renton LLC, 23 Main Street, Andover, MA 01810, Thomas P. Smith, Caffrey & Smith, P.C., 300 Essex Street, Lawrence, MA 01840 by first class mail, postage prepaid.

                                                    /s/ Richard W. Paterniti
                                                    Jackson Lewis LLP

H:\PaternitiR\Merrimac Paper\Provost\Pleadings\Answer to Provost Complaint.DOC